**In the Matter of Jack T. FOSTER, Debtor.**

**James P. SHAFER, Plaintiff,**
v.
**Jack T. FOSTER, Defendant.**

**Bankruptcy No. 81–2182.**
**Adv. No. 82–547.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 15, 1982.

Shirley C. Arcuri, Tampa, Fla., for plaintiff.

Domenic L. Massari, Tampa, Fla., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, MEMORANDUM OPINION AND FINAL JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is a two count complaint filed by James P. Shafer (the Plaintiff). Count I of the complaint seeks modification of the automatic stay, or in the alternative, adequate protection, pursuant to § 362(d)(1) of the Bankruptcy Code. The Plaintiff also seeks a determination of non-dischargeability of debt under § 523(a)(2)(A) of the Code. However, only Count I of the Complaint is under consideration at this time.

The facts upon which this matter may be resolved as adduced at trial can be summarized as follows:

The Plaintiff was the original owner of certain undeveloped land located in Bradenton, Florida. In 1976, he acquired construction financing from First City Federal Savings and Loan Association (First City) in order to build two triplexes on the subject property. To secure the financing he granted to First City first and second mortgage liens, on which there is a current outstanding principal balance of approximately $42,500. That obligation presently accrues at $521 per month of which $450 constitutes interest. On March 22, 1979, while the Debtor was President of Crown Realty of Manatee, Inc. (Crown), the Plaintiff sold the property to Crown, taking a note and purchase money mortgage on the property in the face amount of $29,878.45. The principal balance on the note is presently $28,000. The Plaintiff also remained personally liable on the first and second mortgages held by First City.

Contemporaneously with the purchase, Crown obtained a loan from Exchange National Bank of Manatee County in the original principal amount of $44,550 and gave in return a mortgage and note. The current balance is approximately $44,030. Exchange recorded the mortgage on the following day, but the Plaintiff did not record his mortgage for approximately one week. On November 17, 1981, Crown transferred the property to the Debtor by quit-claim deed.

The property consists of two lots on which are situated two triplexes, each being 2,220 square feet in size. The Plaintiff alleges that the property is zoned only for duplexes; however, the record is devoid of any evidence to substantiate that allegation. It is the contention of the Plaintiff that there is no equity in the property and that it is not needed for reorganization. The Debtor, of course, disputes both contentions.

The appraisals of the property from each party were widely divergent, ranging from $102,000 to $171,000. The comparables upon which each party based his appraisals were too far removed from the present case: the comparable being consid-

 

erably different in size or location than the property in question and the time and sales remote. As such, the Plaintiff failed to carry the burden of proof of lack of equity, as required by § 362(g).

Even assuming that there is a lack of equity, the Court is satisfied that the property is needed for reorganization. Being rental property, the income constitutes an asset valuable to the Debtor in his efforts to reorganize. In any case, the Debtor has filed a Disclosure Statement and a Plan of Reorganization, the approval of which is pending at this time. Therefore, the Court is satisfied that the Debtor should be allowed an opportunity to obtain approval of the Statement and the Plan and to effectuate the Plan of Reorganization.

This leaves for consideration the question of adequate protection which the Plaintiff alternatively requested in his Complaint. The Court previously entered an Order directing the Debtor to make the monthly contractual payments to the Plaintiff plus interest on all arrearages at the rate of 15% per annum. The Plaintiff contends that he is entitled to receive $1,300 per month from the Debtor, that amount being the total amount of monthly debt which accrues to the Plaintiff's detriment. The Debtor contends that he should be required to pay only the amount previously ordered by the Court, plus the amount of monthly interest which accrues on the obligation to First City since the Plaintiff remains personally liable on that obligation.

Having considered all relevant facts and surrounding circumstances, the Court is satisfied that the Debtor should pay the amount of $1300.00 to the Plaintiff as adequate protection. Should the Debtor default, the Plaintiff may apply to the Court, ex parte, upon short notice for a lifting of the automatic stay.

Having disposed of Count I of the Plaintiff's Complaint, there remains for adjudication Count II by which the Plaintiff seeks a determination of non-dischargeability of debt. This matter shall be set for a pretrial conference, at which time all pending motions shall be heard.

In accordance with the foregoing, it is

ORDERED, ADJUDGED AND DECREED that final judgment with respect to Count I of the Complaint be, and the same hereby is, entered in favor of the Debtor and against the Plaintiff; provided, however, that the Debtor shall make monthly payments to the Plaintiff of $1300.00, such payments to be due on the 10th of each month. It is further

ORDERED, ADJUDGED AND DECREED that upon default of the Debtor, the Plaintiff may apply to the Court, ex parte, upon short notice for a lifting of the automatic stay. It is further

ORDERED, ADJUDGED AND DECREED that a pretrial conference with respect to Count II of the complaint shall be held on February 14 at 10:45 a.m. in Room 703, 700 Twiggs St., Tampa, Florida.